IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD HERSHIPS, | ) | No. C 09-4713 MMC (PR) |
| Petitioner, | ) ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

On September 29, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

## BACKGROUND

In November 2005, Judge Rise J. Pichon, of the Superior Court of Santa Clara County, issued a felony warrant for petitioner's arrest. Subsequently, in November 2006, petitioner's motion to recuse Judge Pichon from presiding over further proceedings in petitioner's criminal case was granted, on the ground that the alleged victim in the case had made substantial donations to the employer of Judge Pichon's spouse. Thereafter, petitioner moved in the state courts for dismissal of the criminal charges against him, arguing that Judge Pichon was not the "neutral and detached magistrate" the Fourth Amendment requires for the issuance of arrest warrants. Ultimately, on February 11, 2009, the California Supreme Court denied petitioner's petition for review.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

Petitioner claims that his conviction is invalid because the felony arrest warrant issued against him was obtained in violation of the Fourth Amendment. Such claim, however, is not cognizable on federal habeas corpus review. In particular, Stone v. Powell, 428 U.S. 465 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. See id. at 481-82, 494. Moreover, the existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims bars federal habeas consideration of those claims even where the state procedure was not used by the petitioner, see Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990), or the state courts' determination of the Fourth Amendment issues was improper, see Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933 (1983).

In the instant action, petitioner states that: (1) following Judge Pichon's recusal, petitioner contested the issuance of the arrest warrant in the trial court by way of a motion to quash; (2) the motion was denied on the ground petitioner had not shown prejudice resulting from Judge Pichon's financial links to the alleged victim; (3) petitioner subsequently raised the issue in the California Court of Appeal by way of a habeas corpus petition; (4) thereafter, petitioner raised the issue in the California Supreme Court by way of a petition for review;

2

1  and (5) both applications for relief were denied.

2  Based on the above, the Court concludes petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in state court. Accordingly, review of that claim is not available herein, and the instant petition is hereby DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 27, 2010

_____
MAXINE M. CHESNEY
United States District Judge