IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. C 09-4713 MMC (PR)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION AND MOTION FOR STAY**<br><br>**(Docket Nos. 5, 6, 7, 9)** |

On September 29, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court issued an order in which it summarized the relevant background to the petition as follows:

> In November 2005, Judge Rise J. Pichon, of the Superior Court of Santa Clara County, issued a felony warrant for petitioner's arrest. Subsequently, in November 2006, petitioner's motion to recuse Judge Pichon from presiding over further proceedings in petitioner's criminal case was granted, on the ground that the alleged victim in the case had made substantial donations to the employer of Judge Pichon's spouse. Thereafter, petitioner moved in the state courts for dismissal of the criminal charges against him, arguing that Judge Pichon was not the "neutral and detached magistrate" the Fourth Amendment requires for the issuance of arrest warrants. Ultimately, on February 11, 2009, the California Supreme Court denied petitioner's petition for review.

(Order, filed Jan. 27, 2010, at 1:20-28.)

Also in said order, the Court summarized petitioner's claim as follows:

> In the instant action, petitioner states that: (1) following Judge Pichon's recusal, petitioner contested the issuance of the arrest warrant in the trial court by way of a motion to quash; (2) the motion was denied on the ground

> petitioner had not shown prejudice resulting from Judge Pichon's financial links to the alleged victim; (3) petitioner subsequently raised the issue in the California Court of Appeal by way of a habeas corpus petition; (4) thereafter, petitioner raised the issue in the California Supreme Court by way of a petition for review; and (5) both applications for relief were denied.

(Id. at 2:23-3:1.)

Based on the above, the Court concluded petitioner's claim was not cognizable under Stone v. Powell, 428 U.S. 465 (1976), which case bars federal habeas review of Fourth Amendment claims unless the state failed to provide an opportunity for full and fair litigation of those claims. Specifically, the Court concluded that petitioner had been provided an opportunity for full and fair litigation of his Fourth Amendment claim in state court; accordingly, the petition was dismissed. (Id. at 2:12-22, 3:2-4.)

Petitioner now moves both for reconsideration of the Court's order of dismissal and for an order staying his conviction, on the grounds that Judge Pichon's issuance of the arrest warrant violated his right to due process and because petitioner cannot receive a fair review of his conviction in state court, as assertedly evidenced by the state appellate courts' rejection of petitioner's Fourth Amendment claim.

Petitioner's motions will be denied. As an initial matter, petitioner raises no grounds that warrant reconsideration of the dismissal of petitioner's Fourth Amendment claim.

Further, it appears from petitioner's motions that he has not exhausted his state remedies with respect to his due process challenge to the validity of his conviction. In particular, although it was not clearly set forth in the instant petition, petitioner's pending motions clarify that the prior state habeas petitions referenced herein challenged, on the basis of the alleged invalidity of the arrest warrant, the validity of petitioner's then ongoing state criminal proceedings. The state courts, however, have not been presented with the opportunity to rule on the validity of petitioner's conviction (as opposed to his prosecution), as petitioner had not yet been convicted when his state petitions were filed.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation and citation omitted). Consequently, before petitioner may, by way of federal habeas corpus, raise claims challenging the validity of his conviction, he must present such claims in the state courts, including the Supreme Court of California. As petitioner has not done so, he has not exhausted his state remedies. Such finding is unaffected by petitioner's assertion that the state courts will not fairly review his conviction nor does such assertion otherwise suffice to warrant this Court's intervention prior to petitioner's exhaustion of his claims.

For the foregoing reasons, petitioner's motions for reconsideration and to stay his state conviction are hereby DENIED.

This order terminates Docket Nos. 5, 6, 7 and 9.

IT IS SO ORDERED.

DATED: May 13, 2010

_____
MAXINE M. CHESNEY
United States District Judge